## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| Justin Shepherd,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    Civil Action No: |
| R&R Dairy Queen, L.L.C,<br>    Defendant. | )<br>)<br>)<br>) |

## COMPLAINT

COMES NOW the Plaintiff, Justin Shepherd, by and through his counsel, the Alabama Disabilities Advocacy Program and its employee, attorney Lonnie J. Williams, and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action under Title III of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12181-12189 and its implementing regulation, 28 C.F.R. part 36.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 42 U.S.C. § 12188(a) and 28 U.S.C. § 1331.

3. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202, authority to grant equitable relief pursuant to 42 U.S.C. § 12188(a), and authority to award costs of suit and reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to this action occurred in this District.

### III. PARTIES

5.  Plaintiff is Justin Shepherd, a resident and citizen of Decatur, Alabama, which is in this District.

6.  Defendant is R&R Dairy Queen, L.L.C., a limited liability corporation which operates a restaurant at 1654 Beltline Road SW, Decatur, AL 35601, which is in this District.

## IV. FACTS

7.  Plaintiff has impairments including post-traumatic stress disorder and is an individual with a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 36.104.

8.  Defendant is a limited liability corporation that owns and operates a restaurant at 1654 Beltline Road SW, Decatur, AL 35601 and is a public accommodation within the meaning of 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

9   On March 20, 2017, Plaintiff visited Defendant's restaurant, Dairy Queen, at 1654 Beltline Road SW, Decatur, AL 35601, accompanied by his service animal. Plaintiff's disabilities required that he be accompanied by his service animal to enable him to order, purchase, and eat a meal at Defendant's restaurant on an equal basis with others.

10. During this visit, Defendant's employees refused service to the Plaintiff and ejected the Plaintiff because he was accompanied by his service animal, despite Plaintiff providing Defendant's employees with information sufficient to establish Plaintiff's right to be accompanied by his service animal.

## V. CLAIM

11. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1-10.

12. Defendant, through the conduct alleged herein, discriminated against Plaintiff on the basis of his disability in the full and equal enjoyment of Defendant's services, facilities,

privileges, advantages, and accommodations, in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. Part 36.

## VI. PRAYER

WHEREFORE, Plaintiff prays that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that the conduct of Defendant violated Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. Part 36.

B.   Enjoin Defendant, their officers, agents, and employees, and all other persons in active concert or participation with Defendant, from discriminating on the basis of disability against Plaintiff, other individuals with disabilities, and other individuals related to or associated with an individual with a disability in violation of Title III of the ADA, 42 U.S.C. §§ 12181-12189, and its implementing regulation, 28 C.F.R. Part 36.

C.   Order Defendant, its officers, agents, and employees, and all other persons in active concert or participation with Defendant to adopt and implement a policy of nondiscrimination against persons with disabilities, and to make reasonable modifications to policies, practices, and procedures to ensure that goods, services, facilities, privileges, advantages, and accommodations are afforded to individuals with disabilities.

D.   Order Defendant to design and implement appropriate staff training programs to ensure that all personnel affiliated with Defendant who have contact with members of the public (whether employees or independent contractors) are knowledgeable about the policies related to the provision of goods and services to persons with disabilities.

E.   Award Plaintiff his costs of suit and reasonable attorneys' fees and costs.

F.   Order such other appropriate relief as the interests of justice may require.

Respectfully submitted,

*[signature]*

**ATTORNEY FOR PLAINTIFF**
Lonnie J. Williams
(WIL319)(ASB-2866-I35W)
Alabama Disabilities Advocacy Program
Box 870395
Tuscaloosa, Alabama 35487-0395
Phone: (205)348-4928
Fax: (205)348-3909
lwilliams@adap.ua.edu

4